UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| FEDERAL DEPOSIT INSURANCE CORPORATION AS RECEIVER FOR SECURITY SAVINGS BANK,<br><br>    Plaintiff,<br><br>v.<br><br>BANC OF AMERICA SECURITIES LLC, et al.,<br><br>    Defendants. | 2:12-CV-532 JCM (RJJ) |

**ORDER**

Presently before the court is plaintiff, Federal Deposit Insurance Corporation's ("FDIC"), as receiver for Security Savings Bank, motion to remand. Doc. #42. Defendants Banc of America Securities LLC, Barclays Capital Inc., and Morgan Stanley & Co. LLC have filed an opposition (doc. #58) to which the FDIC has replied (doc. #59).

**I.    Background**

Plaintiffs' complaint was originally filed in state court on February 24, 2012, alleging violations of the Nevada Securities Act and the Securities Act of 1933 ("1933 Act"). In essence, the FDIC alleges that defendants made several false statements in connection with the sale of pooled mortgage-backed securities to Security Savings Bank. As receiver for the failed bank, the FDIC seeks to recover damages for the alleged misrepresentations.

. . .

**James C. Mahan**
**U.S. District Judge**

On March 30, 2012, defendant Banc of America filed a petition for removal, arguing that pursuant to 28 U.S.C. §§ 1441 and 1446 the United States District Court for the District of Nevada had jurisdiction to hear the action. *See* Doc. 1. Specifically, Banc of America contends that the court has federal question jurisdiction, as well as related-to-bankruptcy jurisdiction over the FDIC's claims.

The FDIC, citing § 22(a) of the 1933 Act, argues that removal is inappropriate because §22 provides that "no case arising under [the 1933 Act] and brought in any State court of competent jurisdiction shall be removed to any court of the United States." Furthermore, the FDIC argues that equitable considerations militate against the exercise of related-to-bankruptcy jurisdiction.

For the reasons that follow, this court disagrees with the FDIC and finds that remand is inappropriate.

**II.    Discussion**

    1.    28 U.S.C. § 1441(c)

        (a)    Legal Standard

An action filed in state court may be removed to federal court if the federal court has original jurisdiction over the action. 28 U.S.C. § 1441(a). The removal statutes are construed restrictively, and doubts regarding the viability of removal are resolved in favor of remanding the case to state court. *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108-09 (1941); *see also Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).

Here, defendants invoke this court's removal jurisdiction as provided in 28 U.S.C. § 1441(c). Congress amended that removal statute on December 7, 2011. The amended version of the statute, which took effect on January 7, 2012, states:

> (c) Joinder of Federal law claims and State law claims.
>
>     (1) If a civil action includes –
>
>         (A) a claim arising under the Constitution, laws, or treaties of the United States (within the meaning of section 1331 of this title), and
>
> . . .

James C. Mahan
U.S. District Judge

- 2 -

>> (B) a claim not within the original or supplemental jurisdiction of the district court or a claim that has been made nonremovable by statute, the entire action may be removed if the action would be removable without the inclusion of the claim described in subparagraph (B).
>
> (2) Upon removal of an action described in paragraph (1), the district court shall sever from the action all claims described in paragraph (1)(B) and shall remand the severed claims to the State court from which the action was removed. Only defendants against whom a claim described in paragraph (1)(A) has been asserted are required to join in or consent to the removal under paragraph (1).

28 U.S.C. § 1441.

A suit arises "under the Constitution, laws, or treaties of the United States," if "the plaintiff's well-pleaded complaint raises issues of federal law." *City of Chi. v. Int'l Coll. of Surgeons*, 522 U.S. 156, 163 (1997). As explained by the Supreme Court, "the presence of even one claim 'arising under' federal law is sufficient to satisfy the requirement that the case be within the original jurisdiction of the district court for removal." *Wis. Dep't of Corr. v. Schacht*, 524 U.S. 381, 386 (1998).

The supplemental jurisdiction statute provides that, "in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). Courts in this circuit have explained that where state law claims arise from the same nucleus of operative fact as federal claims, a district court may properly invoke its supplemental jurisdiction over the state law claims. *See Bahrampour v. Lampert*, 356 F.3d 969, 978 (9th Cir. 2004); *see also Trs. of the contr. Indus. & Laborers Health & Welfare Trust v. Desert Valley Landscape Maint., Inc.*, 333 F.3d 923, 925 (9th Cir. 2003). Where there is no overlap between the federal and state claims, supplemental jurisdiction is improper. *See U.S. ex rel. Hill v. Teledyne, Inc.*, 103 F.3d 143 (9th Cir. 1996).

(b)     Analysis

At the outset of its analysis, the court notes that the FDIC spills much ink analyzing the previous version of the removal statute. Congress's amendment of the previous iteration of the statute, and choice to remove the "separate and independent" language that the previous version employed, renders the FDIC's discussion moot. *See Stone v. INS*, 514 U.S. 386, 397 (1995) ("When Congress acts to amend a statute, [courts] presume it intends its amendment to have real and substantial effect."); *see also Conn. Nat'l Bank v. Germain*, 503 U.S. 249, 253-54 (1992) ("courts must presume that a legislature says in a statute what it means and means in a statute what it says.").

The parties agree that this suit falls under the court's federal question jurisdiction. *See* Remand Mem. at 7:24-25; Opp at 7:15-18. Unless certain inapplicable exceptions are present, "all suits of a civil nature at common law or in equity to which the [FDIC], in any capacity, is a party shall be deemed to arise under the laws of the United States." 12 U.S.C. § 1819(b)(2)(A). Accordingly, this court has federal question jurisdiction over the FDIC's 1933 Act, as well as its state law claims. As such, there is no occasion to consider supplemental jurisdiction.[1]

Section 22(a) of the 1933 Act, however, states: "Except as provided in section 77p(c) of this title [pertaining to class action suits], no case arising under this subchapter and brought in any State court of competent jurisdiction shall be removed to any court of the United States." 15 U.S.C. § 77v(a). Thus, § 22(a) makes the FDIC's 1933 Act claims nonremovable. As such, pursuant to § 1441(c)(2) the court must "sever from the action all claims described in paragraph (1)(B) [i.e. claims that have been made nonremovable by statute] and shall remand the severed claims to the State court

---

[1] As explained previously, a discussion of supplemental jurisdiction requires an analysis of whether the claims are "separate and independent" in the sense that supplemental jurisdiction only extends over claims that arise from the same nucleus of operative fact. Thus, in *Peoples Legislature, et al. v. Miller*, case no. 2:12-cv-00272-MMD-VCF (since transferred to another judge), this court remanded certain claims that were independent from those claims conferring federal jurisdiction. While the FDIC urges this court to apply the same rationale as it did in *Miller*, that rationale was directed at whether supplemental jurisdiction existed. Such an analysis necessarily considers the relationship between different claims and whether they are "Separate and independent" or arise from the same nucleus of operative fact. Pursuant to 12 U.S.C. § 1819(b)(2)(A), an analysis of supplemental jurisdiction, and a concomitant "separate and independent" analysis, is inapplicable to the facts at hand.

**James C. Mahan**
**U.S. District Judge**

- 4 -

1  from which the action was removed." Accordingly, the clear language of the statute requires that
2  this court remand the claims arising under the 1933 Act, while retaining jurisdiction of the state law
3  claims.

4        The FDIC has decried the curious outcome of this court's interpretation of § 1441(c), because
5  it has resulted in the remand of federal claims to state court, while accepting jurisdiction over state
6  law claims in federal court. The FDIC urges the court to prevent such a result by interpreting the
7  amended version of § 1441(c) – consistent with the previous version of the removal statute – as
8  permitting removal only if the nonremovable claims are "separate and independent" of the removable
9  claims. The FDIC argues that because the nonremovable federal claims are not separate and distinct
10 from the state law claims, § 1441(c) would not permit removal in the instant scenario. The FDIC's
11 argument fails to explain how this court can apply such a construction in light of Congress's clear
12 choice to remove the "separate and independent" requirement from the text of the amended version
13 of § 1441(c).

14       While the court agrees that the application of § 1441(c) has resulted in the bizarre result of
15 remanding a federal claim, while retaining jurisdiction over a state law claim, it appears even more
16 bizarre to this court to interpret the removal statute as requiring something which it clearly does not
17 require, and that Congress has saw fit to affirmatively remove from the plain text of the statute.

18       Furthermore, the court does not find that the doomsday scenario the FDIC has predicted will
19 come to fruition. Because an alternative basis for federal jurisdiction exists over this action, there
20 is no need to employ § 1441(c)'s sever and remand directive to the federal claims.

21       2.     <u>Related-to-Bankruptcy Jurisdiction</u>
22       (a)     Legal Standard

23  District courts "shall have original but not exclusive jurisdiction of all civil proceedings
24 arising under title 11, or arising in or related to cases under title 11." 28 U.S.C. § 1334. This statute
25 forms the core of the federal district court's related-to-bankruptcy jurisdiction. The Ninth Circuit
26 has explained that "an action is related to bankruptcy if the outcome could alter the debtor's rights,
27 liabilities, options, or freedom of action (either positively or negatively) and which in any way
28

**James C. Mahan
U.S. District Judge**

- 5 -

1   impacts upon the handling and administration of the bankruptcy estate." *In re Fietz*, 852 F.2d 455,
2   457 (9th Cir. 1988). Therefore, where the "outcome [of an action] could conceivably have any effect
3   on the estate being administered in bankruptcy" a federal court may exercise jurisdiction under the
4   doctrine of related-to-bankruptcy jurisdiction. *Id.*

5        A defendant may remove any action within the purview of the related-to-bankruptcy statute.
6   *See* 28 U.S.C. § 1452(a). However, the plaintiff may move to remand "such claim or cause of action
7   on any equitable ground." 28 U.S.C. § 1452(b).

8             (b)     Analysis

9        Defendants urge this court to exercise related-to-bankruptcy jurisdiction because defendants
10  claim to have indemnity rights that could affect the rights or liabilities of certain originators that are
11  currently in bankruptcy proceedings. The FDIC argues that because the defendants do not have
12  direct indemnification rights against any bankruptcy debtors, but only secondary or tertiary indemnity
13  claims, this court lacks authority to exercise related-to-bankruptcy jurisdiction.

14       While the court is inclined to agree with the FDIC that the defendants' claims are more
15  remote than the claims in the precedent defendants cite, applying the Ninth Circuit's broad
16  interpretation of related-to-bankruptcy jurisdiction, *see Carpenters Pension Trust for So. Cal. v.*
17  *Ebbers*, 299 B.R. 610, 613 (C.D. Cal. 2003) ("The Ninth Circuit views "related to" jurisdiction
18  broadly. . ."), this court finds that because these indemnity agreements "could conceivably have an[]
19  effect on the estate being administered in bankruptcy" related-to-bankruptcy jurisdiction exists. *See*
20  *In re Fietz*, 852 F.2d at 457. Indeed, the Ninth Circuit has endorsed the exercise of jurisdiction in
21  cases, such as the instant proceeding, where the suit is "conceivably related to the bankruptcy estate,
22  but that relationship is remote." *Id.*

23       The FDIC has failed to direct this court's attention to a single case finding that indemnity
24  rights must flow directly against a debtor to establish related-to-bankruptcy jurisdiction.
25  Furthermore, the FDIC's equitable arguments have been considered, and rejected, by other courts
26  in similar proceedings related to Countrywide mortgage-backed securities. *See, e.g. Stichting*
27  *Pensioenfonds ABP v. Countrywide Financial Corp.*, 447 B.R. 302 (C.D. Cal. 2010) (Pfaelzer, J.)
28

**James C. Mahan**
**U.S. District Judge**

- 6 -

(finding related-to-bankruptcy jurisdiction existed and the equities did not justify remand). The same analysis employed by previous courts applies equally to the instant facts. Accordingly, the court finds that related-to-bankruptcy jurisdiction exists as an alternative basis for removal and will therefore exercise jurisdiction over this case.

Pursuant to the forgoing,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that plaintiffs' motion to remand (doc. #42) be, and the same hereby is, DENIED.

DATED July 13, 2012.

**UNITED STATES DISTRICT JUDGE**

**James C. Mahan**
**U.S. District Judge**